## No. 3438

### Second Circuit

---

## ELLIS v. McDONALD ET AL.

---

(December 19, 1928. Opinion and Decree.)

---

Newton & Newton, of Monroe, attorneys for plaintiff, appellee.

Dawkins and Dawkins, of Monroe, attorneys for defendants, appellants.

ODOM, J. The plaintiff was the owner of a Ford truck and trailer, which he used for hire, and, on the 19th of April, 1928, the defendant, E. McDonald, took physical possession thereof without right and without authority, drove it to his wife's filling station and store and delivered it to her, where it remained until May 29th, following.

Plaintiff brings this suit against both McDonald and his wife, Mrs. Mabel McDonald, to recover the loss which he sus-tained on account of being deprived of the use of the truck during the time that it remained in defendants' possession; and also the sum of $1500.00, for humiliation.

The defendants, in answer, denied that they were indebted unto plaintiff in any sum, but admitted that the defendant, E. McDonald, had taken possession of the truck and carried it to Mrs. McDonald's place of business, on the Winnsboro Road, and had kept it for a period of time; and alleged that they thought the truck had been abandoned and that they took it for his protection.

There was judgment in the lower court in favor of the plaintiff, and against both defendants, in the sum of $210.00, and all costs. Mrs. Mabel McDonald appealed.

### OPINION.

The testimony shows beyond question that E. McDonald, the husband of Mrs. Mabel McDonald, took possession of plaintiff's truck without authority and without right in law, and that it was placed in Mrs. McDonald's possession, on her premises, and kept there from April 19 to May 29.

It further appears that the plaintiff, Ellis, owed Mrs. McDonald a bill for groceries and gasoline and that, previous to the taking of this truck, she had filed suit against him to collect the amount. A number of witnesses testified that Mrs. McDonald stated to them that she had taken possession of the truck and expected to keep it until plaintiff paid his bill. Mrs. McDonald testified that she had nothing to do with the taking of the truck nor with keeping it, but, in this respect, her testimony is contradicted by other witnesses who testified that she had told them that she was going to keep the truck until Ellis

paid his bill; and it is clear that she did refuse on several occasions to permit Ellis or anyone else to repossess it.

The taking possession of the truck was a trespass which rendered the defendants liable for whatever loss and damage plaintiff sustained on account thereof. They kept the truck in their possession for about forty (40) days. Ellis testified that the truck was worth to him not less than $7.00 per day. The lower court found that he was entitled to $210.00, based, we assume, upon the theory that plaintiff could have used the truck thirty (30) days during the time it was in defendants' possession. The court allowed nothing on the claim for humiliation and embarrassment, on account of the illegal taking of the truck.

We think the judgment is correct and it is therefore affirmed, with costs.